1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | FETUAO-SALAITA-TITIE and PIO TITIE,

12 |                              Plaintiffs,

    vs.

13

FIRST MAGNUS FINANCIAL CORP,
14 | INC.; LASALLE BANK NATIONAL
ASSOCIATION; CAL-WESTERN
15 | RECONVEYANCE CORPORATION,

16 |                           Defendants.

CASE NO. 09cv0822 JM(AJB)

ORDER GRANTING MOTION TO
DISMISS; GRANTING LEAVE TO
AMEND

17

18       Defendant LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin

19 Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2oo7-04 ("LaSalle") moves

20 to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement.

21 Plaintiffs have not filed an opposition nor a statement of non-opposition as required by Local Rule

22 7.1(e)(2). Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral

23 argument. For the reasons set forth below, the court grants the motion to dismiss and grants Plaintiffs

24 20 days leave to amend from the date of entry of this order.

25 ### BACKGROUND

26       Plaintiffs, proceeding in propria persona, commenced this action on March 9, 2009 in the

27 Superior Court of the State of California, County of San Diego, by filing a complaint alleging seven

28 causes of action for (1) request for promissory note; (2) violation of GAAP; (3)violation of RESPA

(12 U.S.C. §2605); (4) violation of TILA (15 U.S.C. §1601); (5) violation of UCC; (6) violation of FDCPA (15 U.S.C. §1692 et seq., and (7) wrongful eviction.

Plaintiffs allege that on May 9, 2007 defendant First Magnus Financial Corporation, Inc. provided a trust deed on their Oceanside property in the amount of $412,250.  At some point in time, Plaintiffs received a notice of default.  The complaint sets forth a litany of cases, statutes and other authorities purportedly in support of Plaintiffs' claims.  The following typifies the complaint's allegations:

> Because the checks were not cashed on the bank's cash reserves as they might have been, and because the book entry liability debits it sustained when the checks were presented from the various banks were offset by the book entry deposit of my note as a commercial paper asset of the same value I had already provided to the transaction, when all was said and done the bank bore no continuing equitable risk of loss to recover anything of its own book entry assets as loan consideration extended, or loss to its cash reserves of loan consideration extended, purported as basis for the terms of its agreement.  This of course changes the equitable cost and risk of the 'loan' to the bank from that purported as a basis for the terms and giving of collateral security I was induced to accept to obtain the loan.

(Compl. at p.24:3-10).

Based upon the complaints' "rambling dictation of case law, legal authority, constitutional assertions, [and] irrelevant facts," (Motion at p.1:3-4), LaSalle moves to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement.

### DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct).  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal

1  adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may,

2  however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v.

3  Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

4        Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha

5  v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly,

6  courts must accept as true all material allegations in the complaint, as well as reasonable inferences

7  to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However,

8  conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

9  motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

10  **The Motion to Dismiss**

11        Upon review of the complaint, the court concludes that it fails to set forth a short and plain

12  statement of Plaintiffs' claims as required by Fed.R.Civ.P. 8.  Rule 8 requires a party's pleading to

13  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

14  Fed.R.Civ.P. 8(a)(2).  "Rule 8's liberal notice pleading standard . . . requires that the allegations in the

15  complaint 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which

16  it rests.'"  Pickern v. Pier 1 Imps. (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006).

17        Here, the complaint fails to provide Defendants with adequate notice of the claims asserted

18  against them.  The 35 page complaint is primarily a collection of various statutes and legal authorities.

19  For example, Plaintiffs allege that they "object to alleged Lender's 'Bad-Check-Loan-Of-Bank-Credit'

20  imposed by 'Constructive Fraud without Scienter' (437 SW2d 20, 28) and further contrary to Court

21  Decisions: 'Banks cannot loan *Credit"* (181 Wis. 172; 144 SW 501, 69 SE 1123)."  (Compl. at p.

22  6:25-27).  This and similar allegations fail to adequately apprise Defendants of the nature of the claims

23  asserted against them such that they can prepare an adequate response to the complaint.

24        In sum, given the rambling and unintelligible nature of the complaint, the court grants the

25  motion to dismiss.  The court also grants Plaintiffs 20 days leave to amend the complaint from the date

26  of entry of this order.  Should Plaintiffs pursue the filing of a First Amended Complaint ("FAC") they

27  are instructed to limit its length to no more than 10 pages.  Plaintiffs need not include a citation to case

28  authorities nor provide within the FAC a memorandum of points and authorities.  Plaintiffs need only

1  set forth a short and plain statement showing that they are entitled to relief.

2      **IT IS SO ORDERED.**

3  DATED:  June 15, 2009

4

   Hon. Jeffrey T. Miller
5  United States District Judge

6  cc:        All parties

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

09cv0822