# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FETUAO-SALAITA-TITIE and PIO TITIE, <br><br>　　　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>FIRST MAGNUS FINANCIAL CORP, INC.; LASALLE BANK NATIONAL ASSOCIATION; CAL-WESTERN RECONVEYANCE CORPORATION,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 09cv0822 JM(AJB)<br><br>ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE |

　　　　Defendant Bank of America, N.A., as successor by merger to LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-04 moves to dismiss the complaint for failure to prosecute. On June 15, 2009 the court granted Defendants' motion to dismiss for failure to state a claim and granted Plaintiffs 20 days leave to amend the complaint. Plaintiffs did not amend their complaint and Defendants now move to dismiss the complaint pursuant to Fed.R.Civ.P. 41(b). Plaintiffs have not filed an opposition nor a statement of non-opposition as required by Local Rule 7.1(e)(2). Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss the action.

## BACKGROUND

Plaintiffs, proceeding in propria persona, commenced this action on March 9, 2009 in the Superior Court of the State of California, County of San Diego, by filing a complaint alleging seven causes of action for (1) request for promissory note; (2) violation of GAAP; (3)violation of RESPA (12 U.S.C. §2605); (4) violation of TILA (15 U.S.C. §1601); (5) violation of UCC; (6) violation of FDCPA (15 U.S.C. §1692 et seq., and (7) wrongful eviction.

Plaintiffs allege that on May 9, 2007 defendant First Magnus Financial Corporation, Inc. provided a trust deed on their Oceanside property in the amount of $412,250. At some point in time, Plaintiffs received a notice of default. The complaint sets forth a litany of cases, statutes and other authorities purportedly in support of Plaintiffs' claims. The following typifies the complaint's allegations:

> Because the checks were not cashed on the bank's cash reserves as they might have been, and because the book entry liability debits it sustained when the checks were presented from the various banks were offset by the book entry deposit of my note as a commercial paper asset of the same value I had already provided to the transaction, when all was said and done the bank bore no continuing equitable risk of loss to recover anything of its own book entry assets as loan consideration extended, or loss to its cash reserves of loan consideration extended, purported as basis for the terms of its agreement. This of course changes the equitable cost and risk of the 'loan' to the bank from that purported as a basis for the terms and giving of collateral security I was induced to accept to obtain the loan.

(Compl. at p.24:3-10).

Based upon the complaints' "rambling dictation of case law, legal authority, constitutional assertions, [and] irrelevant facts," (Motion at p.1:3-4), LaSalle moves to dismiss the complaint for failure to state a claim or, alternatively, for a more definite statement.

## DISCUSSION

Under Rule 41(b), a defendant may move to dismiss the action "if the plaintiff fails to prosecute or to comply with these rules or court order." Fed.R.Civ.P. 41(b). Rule 41(b) requires the plaintiff to act with reasonable diligence in order to avoid dismissal. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). A

1  presumption of prejudice generally arises from a plaintiff's failure to prosecute. See
2  Lauino v. Syringa Gen. Hosp., 279 F.3d 750, 753 (9th Cir. 2002). The plaintiff has the
3  initial burden to show a non-frivolous explanation for the delay in prosecution and then
4  the burden shifts to the defendant to produce evidence of prejudice from the delay. Id.
5  at 1278 n.5.

6        Here, the court concludes that dismissal is appropriate. On June 15, 2009 the
7  court granted Defendants' motion to dismiss and granted leave to amend. Plaintiffs
8  have failed to take any steps to prosecute this action. Accordingly, there appears to be
9  no lesser sanction than a dismissal of the action. Consequently, the court grants the
10  motion for a Rule 41(b) dismissal.

11        In sum, the court grants the motion to dismiss the action. The Clerk of Court is
12  instructed to close the file.

13  **IT IS SO ORDERED.**

14  DATED: August 28, 2009

15  
16                                               Hon. Jeffrey T. Miller
                                             United States District Judge

17  cc:        All parties